402

The STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* BRUCE T. MOTT AND LUCILLE MOTT, HUSBAND AND WIFE, AND J. HARVEY CARTER, ALL OF MILES CITY, MONTANA, DEFENDANTS AND APPELLANTS.

No. 10472

Submitted May 13, 1963. Decided September 6, 1963.

384 P.2d 922.

Colgrove & Brown, Bruce M. Brown (argued), Miles City, for appellants.

William E. O'Leary (argued) Helena, for respondent.

MR. JUSTICE DOYLE, delivered the Opinion of the Court.

This is an appeal from a judgment entered on a verdict obtained in the sixteenth judicial district on a condemnation action.

Plaintiff Highway Commission, respondent here, as stated in their complaint sought to "take and condemn private property [owned by Defendants Bruce T. Mott and Lucille Mott, Husband and Wife, Harold Massey and Polly Massey, Husband and Wife, and J. Harvey Carter] * * * to use, have and hold a perpetual easement and right of way for the *construction, re-construction, maintenance and operation of a State highway* * * *." Emphasis supplied.

The facts involved are not in dispute. Appropriate eminent domain proceedings were instituted. The land to be condemned was used primarily as ranch land. In the natural course of the construction of the roadbed for the proposed highway, respondent intended to cut or take earth from various high spots and employ its use as fill in various low spots, all locations of cut and fill would be on the condemned land. The earth, respondent proposed to move, contained deposits of gravel, sand and other materials but was termed "unclassified excavation" in testimony given by the respondent's Division Engineer. During the course of the trial, defendants sought to interject into evidence the monetary or a commercial value of the gravel, sand, etc., that was contained in the earth respondent intended to move. The trial court ruled this testimony inadmissible and instructed the jury accordingly.

The crux of this appeal is the definition of the term "market value" predicated on the sole appellant, J. Harvey Carter's question: "Was sufficient evidence presented by defendants

[appellants here] of gravel, sand and other road building material to go to the jury?"

Appellant bases his argument on section 32-1615, R.C.M. 1947. An analysis of this section will determine the validity of this appeal. Section 32-1615 states in part:

"* * * the state highway commission shall have the power and authority to acquire, by purchase or any other lawful manner, either in fee or in any lesser estate or interest, any lands or other real property * * *. The acquisition of such lands or real property, or interest therein, for such purposes includes * * *

"(a) For rights of way, including those necessary for state highways within cities.

* * * * * *

"The acquisition of any right of way or easement by the state highway commission for construction, operation, repair, reconstruction, or maintenance of state highways shall include, among other rights, the right to use, remove, relocate, redistribute or otherwise dispose of any and all gravel or other road building materials, found or located within the boundaries of such rights of way or easements and such gravel or materials shall be deemed real property for the purposes of this act."

Reading the last paragraph of this section, we feel that the legislative intent in granting the Highway Commission the right to acquire land for highway construction by this section's enactment is analogous to the statement made by us in Northern Pacific R. R. Co. v. Carland, 5 Mont. 146, 169, 3 P. 134, 144, where, in deciding the extent of a grant of land created by the Act of Congress of July 2, 1864, we held:

" 'It is a well known and reasonable rule, in construing a grant, that when anything is granted, all the means to attain it, and all the fruits and effects of it, are granted also.' Shaw, C. J., in Babcock v. Western R. R. Corp., 9 Metc. 555. Here is a grant of a right of way through the public lands, 'for the construction of a railroad and telegraph.' Such a grant car-

ries with it the right to the exclusive possession of the lands described for the purpose aforesaid; to make excavations, cuts, and fills in the soil or ground; to construct a road-bed of suitable width and grade * * *."

We feel that the Legislature, by the enactment of section 32-1615, supra, intended to create a method for the Highway Commission to acquire rights of way and that all the means to effectuate the completion of these rights of way are included therein.

Appellant called five witnesses who testified as to the value of the land, predicating their opinions upon the basis that the land taken was ranch land. Appellant also called as their witness, respondent's Division Engineer and sought to elicit testimony concerning the value of the gravel, sand and other materials contained in the earth respondent intended to move. Appellant in his brief, cites section 32-1615, subd. (c), R.C.M. 1947, which allows the Highway Commission to condemn land to obtain deposits of road building material. This portion of section 32-1615 is inapplicable to this appeal. Respondent is condemning the land in question with the intent of obtaining an easement or right of way, not a deposit of gravel, etc. For us to allow into evidence this type of testimony would be for us to open the door for speculative, remote and conjectural testimony which is inadmissible to determine market value of condemned land. We feel we have adequately discussed this subject on pages 413 through 415 of State v. Hoblitt, 87 Mont. 403, 288 P. 181, and again in State Highway Comm'n v. Peterson, 134 Mont. 52, 70, 328 P.2d 617.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR, concur.